**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **STEVE ALLEN POSEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **Case No. 2:24-cv-64-RAH-CSC** |
| | ) |
| **CHADWICK CRABTREE, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate confined at Kilby Correctional Facility in Mt. Meigs, Alabama initiated this action pursuant to 42 U.S.C. § 1983 (Doc. 1) and simultaneously filed an application seeking leave to proceed *in forma pauperis* (Doc. 2).  By Order entered March 5, 2024, the court granted *in forma pauperis* status and directed Plaintiff to remit the sum of $190.28 as an initial partial filing fee no later than March 26, 2024.  (Doc. 6 at pp. 1-2).   The Order cautioned Plaintiff that a failure to remit the fee amount would result in a recommendation that the case be dismissed and that he must request an extension of time in the event he was unable to remit the fee by the deadline.  (*Id.* at pp. 2-3).

Despite the court's instructions, Plaintiff has neither remitted the initial partial filing fee nor sought an extension of time for doing so.  Thus, the court issued a Recommendation dismissing this case without prejudice based on Plaintiff's failure to pay the fee.  (Doc. 7).  Thereafter, the Plaintiff filed an Objection to the Recommendation and also a Motion for Extension of Time for Payment of the Filing Fee.  (Doc. 8).  Thus, the court entered an order withdrawing the Recommendation and giving Plaintiff until May 24, 2024, to pay the initial partial filing fee of

$190.28 as previously directed by the court.  (Doc. 9).  The Plaintiff has once again failed to pay the fee or file a motion for extension of the May 24, 2024 deadline.

The Magistrate Judge construes such failures as reflecting a lack of interest in the continued prosecution of the case, which cannot proceed absent Plaintiff's active participation.  Under the circumstances presented where Plaintiff has exhibited a willful non-compliance with the court's Order, the Magistrate Judge finds that lesser sanctions than dismissal would not be appropriate. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that dismissal for failure to obey a court order generally is not an abuse of discretion where the litigant has been forewarned); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) (acknowledging that the authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket. ... The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice.").   Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that this case be dismissed without prejudice.

It is **ORDERED** that any objections to this Recommendation must be filed no later than **June 20, 2024.**  An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on

2

factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see also Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

**DONE** this the 5th day of June 2024.

/s/  Charles S. Coody
**CHARLES S. COODY**
**UNITED STATES MAGISTRATE JUDGE**